NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DONALD STILTON, : <br> : <br> Plaintiff, : <br> : Civil Action No. 07-3702 (JAG) <br> v. : <br> : **OPINION** <br> EAST JERSEY STATE PRISON et al., : <br> : <br> Defendants. : | |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on the motion to dismiss the Complaint by defendants Steve Johnson, Sergeant Kakos, D. Mitchell, Officer Duda, Rick Liss, and Lieutenant Hampe (collectively "Defendants"), pursuant to FED. R. CIV. P. 12(b)(6), for failure to state a claim upon which relief can be granted.[1] Defendants also move for the grant of summary judgment, pursuant to FED. R. CIV. P. 56(c). For the reasons set forth below, Defendants' motion to dismiss, pursuant to Rule 12(b)(6) is granted in part, and denied, in part. Defendants' motion for the grant of summary judgment is denied.

**I. PARTIES**

Plaintiff Donald Stilton, is a prisoner confined at the East Jersey State Prison ("EJSP"). (Verified Complaint at ¶ 2.) Defendant Steve Johnson, in his individual capacity, is an employee

---

[1] In an Order, dated December 18, 2007, (Docket Entry No. 3), this Court dismissed Plaintiff's claims against East Jersey State Prison, Mike Powers, A.G.N.J. Anne Millner [Milgram], and Ernest Lee.

of the New Jersey Department of Corrections, and in his official capacity, is Executive Assistant to the Administrator for the East Jersey State Prison.  (Id. at ¶ 4.)  Defendant Sergeant Kakos, in his individual capacity, is an employee of the New Jersey Department of Corrections, and in his official capacity, is a Corrections Sergeant at the EJSP.  (Id. at ¶ 5.)  Defendant D. Mitchell, in her individual capacity, is an employee of the New Jersey Department of Corrections, and in her official capacity, is a Senior Corrections Officer at the EJSP.  (Id. at ¶ 6.)  Defendant Officer Duda, in her individual capacity, is an employee of the New Jersey Department of Corrections and, in her official capacity, is a Senior Corrections Officer at the EJSP.  (Id. at ¶ 7.)  Defendant Rick Liss, in his individual capacity, is an employee for the New Jersey Department of Corrections, and is Civilian Supervisor of the EJSP.  (Id. at ¶ 8.)  Defendant Lieutenant Hampe, in his individual capacity, is an employee of the New Jersey Department of Corrections and, in his official capacity, is a Corrections Lieutenant for the EJSP.  (Id. at ¶ 9.)

## II.  FACTUAL BACKGROUND

Plaintiff states that during June of 2007, he submitted various legal mail to the East Jersey State Prison ("EJSP") mailroom for delivery.  He also submitted "remits" so that the EJSP business office could deduct the funds for postage from his inmate account.  (Verified Complaint, Statement of Facts at ¶¶ 1-42.)  However, defendant Mitchell, a Senior Corrections Officer, opened and returned numerous pieces of legal mail to Plaintiff and refused to mail them.  Defendant Mitchell voided all of the remits and stamped her name on the envelopes, and wrote "unauthorized at East Jersey State Prison Return to Sender" on them.  (Id. at ¶¶ 43-54.)

Plaintiff submitted a remedy form to grieve the opening, reading, and blocking of his outgoing legal mail.  Defendant Kakos, the mailroom sergeant investigated the grievance and

stated: "You sent out mail without stamps on the envelopes- When returned from the P.O. we must open the same to inspect it.  Do not send future mail without stamps."  Plaintiff argues that this response was fabricated to cover up defendant Mitchell's improper handling of his legal mail.  (Id. at ¶¶ 55-57.)

In June, K. Johnson, a Corrections Officer, was advised by defendant Mitchell to refuse to accept further legal mailings or remits for postage from Plaintiff.  Plaintiff inquired into the reasons for this ban.  He was told by defendant Duda, the mail room officer, that Plaintiff had been sending out non-legal mail under the guise of legal mail in order to have the prison pay for the postage.  Plaintiff alleges that defendant Duda was lying.  (Id. at ¶¶ 61-63.)

Later in June, Plaintiff met with defendant Kakos, who advised him that his mail was not being sent out because he "owed money to the prison and [Kakos] would not let me mail out anymore legal mail because [Plaintiff] was not working, and had no income to pay for [his] postage."  Kakos told Plaintiff that Mitchell was permitted to open all incoming legal mail outside of his presence.  Plaintiff showed Kakos copies of his inmate account revealing that he is a "Wing Porter" and he receives $46.00/month in inmate pay.  He also showed Kakos envelopes that were opened indicating that the mail inside was legal mail.  Kakos said that he would meet with defendant Executive Assistant Johnson to discuss the matter, and until a decision was made, no legal mail attached with remits would be permitted to leave the prison.  (Id. at ¶ 66.)

On June 29, 2007, Kakos informed Plaintiff that all of his legal mail was to be sent directly to Kakos, and Kakos would personally screen the mail and determine what may or may not be mailed out with remits.  (Id. at ¶ 67.)

In July of 2007, Plaintiff attempted to mail out various pieces of legal mail.  (Id. at ¶¶ 68-

77.)  Nine days after this mailing, Plaintiff was summoned for an interview by defendant Hampe, a lieutenant, and defendant Johnson.  They had in their possession all of Plaintiff's outgoing legal mail.  Defendant Johnson stated that he would not mail out the legal mail until Plaintiff provided him with a docket number for each case, a description of the case, and the merits of the case.  Plaintiff listed the docket numbers but refused to give him any additional information.  The defendants forced him to sign a document regarding the outgoing legal mail, which was at the direction of the Attorney General's Office.  Defendants told Plaintiff that they were going to consult with the Attorney General's office concerning Plaintiff's legal mail.  (Id. at ¶¶ 78-85.)

Plaintiff was later told that the prison would not pay for any outgoing legal mail, and that until further notice, he could not mail pleadings out of the EJSP.  (Id. at ¶ 86.)  Plaintiff states that he was denied the ability to mail out legal correspondence that addressed lawsuits against EJSP or others without just cause.  Plaintiff claims that defendants are "picking and choosing" which legal mail they send out on his behalf.  (Id. at ¶¶ 87-97.)  Without elaborating on the specific cases he has pending, Plaintiff asserts that there are pending motions and interrogatories and other discovery matters that he cannot address because of his legal mail being blocked, and his cases are in jeopardy of being dismissed.  (Id. at ¶¶ 106-109.)

On July 19, 2007, sixteen pieces of his legal mail were returned to him by Kakos and Johnson nine days after he had attempted to deliver them.  (Id. at ¶ 110.)

Plaintiff states that the above incidents, including interfering with, censoring, opening, and refusing to mail his legal mail violate his constitutional rights.  Plaintiff seeks a preliminary injunction to protect him against immediate and future harm, declaratory relief, nominal, punitive, and compensatory damages, and any other relief this Court deems just, fair and

4

equitable.  (Verified Complaint, Statement of Facts, Reliefs at p. 25.)

### III.  STANDARD OF REVIEW

**A.  Rule 12(b)(6)**

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), while abrogating the decision in other respects).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1964-65 (internal citations omitted); see also FED. R. CIV. P. 8(a)(2).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965 (internal citations omitted).  "The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" Kost v. Kozakewicz, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 1357 at 340 (2d ed. 1990)).

A court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384-85 (3d Cir. 1994); see also Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987).  The question is whether the claimant can

prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail.  Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000).

While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 n.8 (3d Cir. 1997).  "The defendant bears the burden of showing that no claim has been presented."  Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

A Rule 12(b)(6) motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face."  Twombly, 127 S. Ct. at 1974; see also In re Warfarin Sodium Antitrust Litig., 214 F.3d 395, 397 (3d Cir. 2000) (stating that a complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim).

In reviewing a motion to dismiss, pursuant to Rule 12(b)(6), a court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record.  Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998); see also 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure: Civil 3d § 1357 (3d ed. 2007).  "Plaintiffs cannot prevent a court from looking at the texts of the documents on which [their] claim is based by failing to attach or explicitly cite them."  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).  "[A] 'document *integral to or explicitly relied* upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'"  Id. (emphasis in original) (quoting Shaw v Digital

Equip. Corp., 82 F.3d 1194, 1220 (1st Cir. 1996)).  Any further expansion beyond the pleading, however, may require conversion of the motion into one for summary judgment.  FED. R. CIV. P. 12(d).

"[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief."  Ashcroft v. Iqbal et al., 129 S.Ct. 1937, 1950 (2009).

The court's review of the sufficiency of a *pro se* complaint, "however inartfully pleaded," is less stringent than its review of pleadings prepared by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  A court must assume a *pro se* plaintiff's factual allegations are true and construe his claim liberally.  See Nietzke v. Williams, 490 U.S. 319, 330 n.9; Roman v. Jeffes, 904 F.2d 192, 197 (3d Cir. 1990).

**B.  Rule 56(c)**

Summary judgment is appropriate under FED. R. CIV. P. 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Cascara v. Pomeroy, 313 F.3d 828, 832-33 (3d Cir. 2002).  A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  This Court shall "view the facts in the light most favorable to the

7

nonmoving party and draw all inferences in that party's favor." Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007) (citation omitted). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence . . . ." Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

When the moving party has the burden of proof on an issue at trial, that party has "the burden of supporting their motions 'with credible evidence . . . that would entitle [them] to a directed verdict if not controverted at trial.'" In re Bressman, 327 F.3d 229, 237 (3d Cir. 2003) (quoting Celotex, 477 U.S. at 331); see also United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1438 (11th Cir. 1991) ("When the *moving* party has the burden of proof at trial, that party must show *affirmatively* the absence of a genuine issue of material fact: it . . . must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." (emphasis in original)  (internal citations omitted).) Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. Jersey Cent. Power & Light Co. v. Lacey Twp., 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. Anderson, 477 U.S. at 248; Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990); see also FED. R. CIV. P. 56(e) (requiring nonmoving party to "set forth specific facts showing that there is a genuine issue for trial"). "If the motion does not

establish the absence of a genuine factual issue, the district court should deny summary judgment even if no opposing evidentiary matter is presented." Foster v. Morris, 208 F. App'x 174, 179 (3d Cir. 2006).

## IV.  ANALYSIS

**A.  Plaintiff's Suit Against State Prison Officials Acting In Their Official Capacities**

In the Verified Complaint, Plaintiff raises a claim for relief for violations by state officials of his Civil Rights, pursuant to 42 U.S.C. § 1983.  Specifically, Plaintiff alleges that Defendants violated his Constitutional Rights, under the First, Fifth, Sixth, and Fourteenth Amendments. Defendants argue that Plaintiff's suit, against Defendants in their official capacities, is barred by the Eleventh Amendment.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI.  This Amendment bars suits against any state, or its agencies, in federal court by that state's own citizens or citizens of other states.  Davis v. Twp. of Lakewood, No. 03-1025, 2005 U.S. Dist. LEXIS 16420, at *11 (D.N.J. Aug. 4, 2005) (citing Edelman v. Jordan, 415 U.S. 651, 662-63 (1974)); see also Kelley v. Edison Twp., No. 03-4817, 2006 U.S. Dist. LEXIS 23510, at *18 (D.N.J. Apr. 25, 2006) (citing Bennett v. City of Atl. City, 288 F. Supp. 2d 675, 679 (D.N.J. 2003) (stating that "[t]he breadth of state sovereign immunity protects not only states, but expands to protect entities and persons who can show that, even though the State is not the named defendant, 'the state is the real, substantial party in interest.'")).

This broad immunity applies to claims for both legal and equitable relief, as well as all

9

claims pursuant to 42 U.S.C. § 1983. Davis, 2005 U.S. Dist. LEXIS 16420, at *12 (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99 n.8 (1984)). Therefore, unless a state waives its sovereign immunity, or consents to the suit, a federal court lacks jurisdiction to hear claims brought by an individual against a state. Kelley, 2006 U.S. Dist. LEXIS 23510, *18.

"[The Eleventh] Amendment has been interpreted to bar suits for monetary damages by private parties in federal court against a state or against state agencies. It also bars a suit against state officials in their official capacity, because the state is the real party in interest inasmuch as the plaintiff seeks recovery from the state treasury." Melo v. Hafer, 912 F.2d 628, 636 (3d Cir. 1990).

Plaintiff alleges no facts to suggest that the Defendants have waived their immunity. Plaintiff specifically states in the Verified Complaint that he is suing Defendants both in their official capacities and in their individual capacities.

This Court finds that Defendants are state officials for Eleventh Amendment purposes and therefore Plaintiff's claims against the Defendants, in their official capacities, are barred by the Eleventh Amendment. Defendants' motion to dismiss is granted, with prejudice, as to Defendants in their official capacities.

**B.  Plaintiff's Suit Against State Prison Officials Acting In Their Individual Capacities**

Plaintiff's Verified Complaint alleges that Defendants, state prison officials, violated Plaintiff's constitutional rights, while acting in both their official and individual capacities. Plaintiff's suit is barred against Defendants acting in their official capacities. This Court now turns to the question of whether Plaintiff's suit will be allowed to go forward against Defendants,

acting in their individual capacities.

In their defense, Defendants assert that each is immune from suit in their individual capacities under the doctrine of qualified immunity.

"In order to prevail in a § 1983 action for civil damages from a government official performing discretionary functions, the defense of qualified immunity that our cases have recognized requires that the official be shown to have violated 'clearly established statutory or constitutional rights of which a reasonable person would have known.' Thus a court must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, proceed to determine whether that right was clearly established at the time of the alleged violation." Conn v. Gabbert, 526 U.S. 286, 290 (1999) (citations omitted).

The allegations against Defendants in Plaintiff's Verified Complaint concern his access to courts and the treatment, by prison officials, of his legal mail, which implicate the First Amendment of the U.S. Constitution. Plaintiff alleges that Defendants violated his First Amendment right to access the courts by opening, reading and censoring his legal mail. The Supreme Court of the United States has established that prisoners possess a fundamental constitutional right to access the courts: "[The] fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977).

In order for Plaintiff to establish a denial of access claim based on interference with his legal mail, he must demonstrate that he suffered an actual injury as a result of Defendant's denial of his right to access the courts. "The requirement that an inmate alleging a violation of Bounds

11

must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." Lewis v. Casey, 518 U.S. 343, 349 (1996).   In Casey the Supreme Court stipulates that an inmate can only establish "actual injury" where his alleged hindered legal action concerned a direct or collateral attack upon his sentence, or a challenge to his conditions of confinement: "In other words, Bounds does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims.  The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement.  Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Id. at 355.

      Plaintiff has stated no facts to indicate that legal mail allegedly delayed by Defendants concerned a direct or collateral attack upon his sentence or a challenge to his conditions of confinement.  Plaintiff has stated only that the legal mail at issue in this case concerned various litigations he was pursuing.  Plaintiff states only that he sent mail "concerning a legal case that he is currently litigating." (Verified Complaint, Statement of Facts at ¶¶ 1-42.)  Without a showing an actual injury, Plaintiff fails to establish the requisite "actual injury" necessary to establish that his constitutional rights were violated.  As the Third Circuit has noted, "there is no First Amendment right to subsidized mail or photocopying.  The inmates must point to evidence of actual or imminent interference with access to the courts." Reynolds v. Wagner, 128 F.3d 166, 183 (3d Cir. 1997.)

      Prisoners, however, may establish a violation of the First Amendment without establishing

an actual injury where there is a pattern and practice of opening properly marked incoming mail outside an inmate's presence.  As the Third Circuit has stated, "nothing in the reasoning of Casey or Oliver suggests that a prisoner alleging that officials have opened his legal mail outside of his presence and thereby violated his First Amendment rights need allege any consequential injury stemming from that violation, aside from the violation itself." Jones v. Brown, 461 F.3d 353, 359 (3d Cir. 2006).

In the Verified Complaint, Statement of Facts, Plaintiff alleges that Defendants opened his legal mail outside of his presence.  Plaintiff further alleges that Defendants either opened his mail outside of his presence or conspired to conceal the pattern and practice of East Jersey State Prison officials to open and screen which of Plaintiff's letters would be permitted to be sent.

Specifically, Plaintiff alleges Defendant D. Mitchell opened multiple pieces of his legal mail outside of his presence on three separate occasions on June 8, 2007, June 11, 2007, and June 13, 2007. (Verified Complaint, Statement of Facts at ¶¶ 43-51.)  Plaintiff alleges Defendant Kakos "is allowing Mitchell to illegally open, read, censor, and interfere with my outgoing mail...." (Id. at ¶ 58.)  Plaintiff alleges that Defendant "Duda lied to Sergeant LaPoint in order to cover up the fact that EJSP mailroom staff consisting of Duda, Mitchell, and Kakos were arbitrarily censoring my outgoing legal mail, opening, reading, and depriving me to mail out legal redress to the courts." (Id. at ¶ 63.)  Plaintiff alleges "Johnson and Hampe advised me that all of my future outgoing legal mail will be screened, and they will decide what legal mail I can and cannot mail out of the prison after it is properly checked by the mail room staff supervisor Kakos or others." (Id. at ¶ 84.)  Plaintiff also alleges "My outgoing legal mail is being opened outside my presence in this matter by all Defendants and unreasonably delayed." (Id. at ¶ 93.)

Based on the facts alleged in the Verified Complaint, Statement of Facts, Plaintiff states a claim for violation of his rights under the First Amendment.

It is clearly established law that Defendants may not open Plaintiff's legal mail outside his presence.  See Jones, supra, 461 F.3d at 359; see also Bierengu v. Reno, 59 F.3d 1445, 1452 (3d Cir. 1995.)

Defendants' defense of qualified immunity fails here where Plaintiff has properly stated a claim for violation of his First Amendment rights and where it is clearly established law that Defendants were not permitted to open Plaintiff's legal mail outside of his presence.

**C. Defendants' Motion For Summary Judgment**

Defendants move for the grant of summary judgment on Plaintiff's denial of access claim. Defendants' motion is premature where the parties have not conducted discovery and where there remain genuine issues at to a material fact concerning whether a pattern and practice existed at the East Jersey State Prison of opening Plaintiff's legal mail outside of his presence.  Defendants' motion for summary judgment is denied.

**D. Defendants' Motion to Dismiss Plaintiff's Punitive Damages Claim**

Punitive damages are never awarded as a matter of right, despite the egregiousness of the defendant's behavior.  In order to award punitive damages, a plaintiff must show that the state defendant's conduct was "motivated by evil motive or intent or...[that] it involve[d] reckless or callous indifference to the federally protected rights of others." Savarese v. Agriss, 883 F.2d 1194, 1204-1205 (3d Cir. 1989).  At the motion to dismiss stage, where discovery has not occurred, it is premature to determine whether Plaintiff has demonstrated the requisite intent and motive on the part of Defendants to support his punitive damages claim.

14

Defendants' motion to dismiss Plaintiff's claim for punitive damages is denied.

## V. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss the Complaint, pursuant to FED. R. CIV. P. 12(b)(6), for failure to state a claim upon which relief can be granted shall be granted, in part, and denied in part. Plaintiff's claims against Defendants, in their official capacities, are barred by the Eleventh Amendment, and are dismissed, with prejudice. Plaintiff has stated a claim against Defendants, in their individual capacities, for violation of his rights under the First Amendment. Defendants' motion for the grant of summary judgment as to Plaintiff's denial of access claim, pursuant to FED. R. CIV. P. 56(c), is denied. Defendants' motion to dismiss Plaintiff's punitive damages claim is denied.


      S/Joseph A. Greenaway, Jr.
      JOSEPH A. GREENAWAY, JR., U.S.D.J.

Date: September 28, 2009